UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JASON SCHWARTZ, )<br>)<br>      Plaintiff, )<br>)<br>    v. )<br>)<br>ANN CONNER, ATTLEY Sgt. (C.O.), )<br>SMITTY (C.O.), BOBBI Nurse, )<br>CHAVEZ Dr., ROBTOY Dr., )<br>ALECIA HUFF, )<br>)<br>      Defendants. ) | No. 2:17-cv-00345-LJM-MJD |

**Entry Screening Complaint,
Directing Issuance and Service of Process,
and Allowing Plaintiff to Show Cause**

Plaintiff Jason Schwartz, an Indiana inmate incarcerated in the Wabash Valley Correctional Facility, commenced this 42 U.S.C. § 1983 action on July 20, 2017. He brings claims against seven defendants concerning an incident occurring on February 14, 2017, seeking monetary damages.

**I. Screening**

A.    Legal Standard

Because plaintiff is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to

provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

In applying these legal standards, the Court construes the pro se pleadings liberally and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

B.   Plaintiff's contentions

Plaintiff asserts that he had a seizure on February 14, 2017, followed by heart problems. He summoned defendants Sgt. Attley and Nurse Ann Conner to his cell. Sgt. Attley and Officer Smitty carried plaintiff from his cell to a nurse bay. There Nurse Conner "noticed [he] was in seriously bad shape." Complaint, dkt. 1, p.6. Sgt. Attley and Officer Smitty then carried plaintiff to the infirmary where he was examined by Dr. Chavez and Nurse Bobbi. During the examination, and while handcuffed and chained, plaintiff fell and landed on his face. Plaintiff contends that Dr. Chavez, Nurse Bobbi, and Nurse Alecia Huff kept saying that plaintiff was "on heroin or meth or something." *Id.* at 6. Nurse Bobbi started injected plaintiff with Narcan, despite his protestations that he was not on drugs.

Plaintiff passed out, and when he awakened, Nurse Bobbi again injected him with Narcan while "every nurse and doctor" stood around him. A drug screen officer arrived and tested plaintiff's urine, and reported that plaintiff was not on drugs.

On February 15, 2017, plaintiff was taken from the infirmary back to his cell and placed on suicide watch by Dr. Robtoy. Plaintiff was kept on suicide watch for a week without access to clothes or his property. After a week, when outside drug testing was completed and plaintiff was found to not be on drugs, he was taken off suicide watch.

Plaintiff asserts that since this incident he has suffered problems with his eyesight, breathing, and loss of use in his left arm from muscle and nerve damage caused by the Narcan injections. He has submitted numerous medical request forms about his conditions but defendants are doing nothing about his eyesight or arm.

Plaintiff's first ground for relief contends that defendants violated a policy for the development and delivery of health care services and committed medical malpractice and negligence when they did not follow protocol. The Court construes this ground as presenting state law claims. The third ground for relief is also policy-based, asserting that defendants were insubordinate, were derelict in their duty, and committed nepotism.

Plaintiff's second ground for relief asserts claims under the Eighth Amendment for cruel and unusual punishment, pain and suffering, and corporal punishment.

C.   Analysis

To prove an Eighth Amendment claim that prison officials provided inadequate medical care, a plaintiff must demonstrate: (1) that he suffered from a serious medical need; and (2) that the defendants were deliberately indifferent to it. *Harper v. Santos*, 847 F.3d 923, 927 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A

serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

"Deliberate indifference" is a state of mind in which the prison official defendant "knows of and disregards an excessive risk to inmate health or safety [.]" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). It is a higher level of wrongdoing than ordinary negligence. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008) ("[d]eliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts"). Deliberate indifference may be established by evidence that the defendant chose a "blatantly inappropriate" course of treatment or one that unnecessarily prolonged pain. *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016).

Section 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (internal quotation omitted). Thus, no action lies under Section 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981); *Waubanascum v. Shawano County*, 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under Section 1983); *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) ("State law violations do not form the basis for imposing § 1983 liability."); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under Section 1983). Violations of state law or IDOC policy do not support a claim under Section 1983.

Plaintiff's third ground for relief therefore cannot proceed, as it does not state a federal constitutional claim, and the Court discerns no viable state law claim from it. The allegations in it are vague and the Court cannot discern a connection between the factual allegations and the policies asserted in the third ground. The third ground for relief is **dismissed**.

Plaintiff's Eighth Amendment claims asserted in the second ground for relief, construed as claiming deliberate indifference to his serious medical needs, **shall proceed** against Nurse Bobbi, Nurse Conner, Nurse Huff, Dr. Chavez, and Dr. Robtoy.

Plaintiff's allegations against Corrections Officer Smitty and Sgt. Attley are only that they carried plaintiff from his cell to the nurse's bay and infirmary, and held him while he was being injected by Nurse Bobbi. Sometime during these events plaintiff fell and hit his face. Liberally construing the complaint, the Court will allow plaintiff's Eighth Amendment claims **to proceed** against Officer Smitty and Sgt. Attley.

The state law medical malpractice and negligence claims in the first ground for relief may proceed against the medical staff defendants pursuant to the Court's supplemental jurisdiction.

The Court has identified the only viable federal constitutional claims and state law supplemental claims presented in plaintiff's complaint. Should plaintiff believe the Court has overlooked a claim or defendant, he shall have through **August 22, 2017**, to notify the Court.

## II. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Sgt. Attley, (2) C/O Smitty, (3) Nurse Bobbi, (4) Nurse Connor, (5) Dr.

Chavez, (6) Dr. Robtoy, and (7) Alecia Huff in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED**.

Date:  7/26/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jason Schwartz, #137123
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old Us Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Ann Conner, Nurse
Wabash Valley Correctional Facility
6908 S. Old Us Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Nurse Bobbi
Wabash Valley Correctional Facility
6908 S. Old Us Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Dr. Chavez
Wabash Valley Correctional Facility
6908 S. Old Us Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Dr. Robtoy
Wabash Valley Correctional Facility
6908 S. Old Us Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Alecia Huff, RN
Wabash Valley Correctional Facility
6908 S. Old Us Hwy 41
P.O. Box 1111
Carlisle, IN 47838

By Electronic Service:
    C/O Smitty, Wabash Correctional Facility
    Sgt. Attley, Wabash Correctional Facility

Courtesy Copy to:

Jeb Adam Crandall
Bleeke Dillon Crandall Attorneys
8470 Allison Pointe Boulevard
Suite 420
Indianapolis, IN 46250