UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JASON SCHWARTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:17-cv-00345-WTL-MJD |
| ANN CONNER, R.N., | ) | |
| BARBARA RIGGS, R.N., | ) | |
| MARY ANN CHAVEZ, M.D., | ) | |
| LISA ROBTOY, PsyD, | ) | |
| ALECIA HUFF, R.N., | ) | |
| SGT. JEFFREY ATHEY, and | ) | |
| C.O. DENVER SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Defendants' Motion for Summary Judgment**

**I. Introduction**

Jason Schwartz is in the custody of the Indiana Department of Correction (IDOC). He takes medication for seizures and a heart condition. On February 14, 2017, while he was incarcerated at the Wabash Valley Correctional Facility (WVCF), he suffered some type of seizure. He was taken in handcuffs and chains to the infirmary. There he fell and landed on his face, and medical personnel thought he was on heroin or methamphetamine. He was injected with two doses of Narcan, an opioid overdose treatment, but kept protesting that he was not using drugs. Finally, a drug screening officer arrived and tested Mr. Schwartz's urine, concluding that Mr. Schwartz was not overdosing. Medical personnel then put Mr. Schwartz on suicide watch, where he was held without his clothes or property for over a week until outside drug screens came back clear. He was then removed from suicide watch.

Mr. Schwartz asserts that as a result of receiving the multiple Narcan shots when he was not overdosing on opioids, he suffers problems with his eyesight, problems breathing, and loss of use of his left arm. He brought this 42 U.S.C. § 1983 action against the medical personnel for their actions during and following his treatment for the seizure, and against the correctional officers for allowing him to fall on his face while handcuffed and chained.

All defendants move for summary judgment contending that Mr. Schwartz failed to exhaust his administrative remedies prior to filing this lawsuit as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

## II. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong." *Id.* at 532 (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The exhaustion requirement "is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

### III. The Grievance System

The IDOC has an Offender Grievance Process ("OGP") through which inmates, including those at WVCF, can grieve issues related to their conditions of confinement, such as the claims at issue here. The OGP in effect at all times relevant to this action consisted of three stages: the informal grievance stage, the filing of a formal grievance, and the filing of a grievance appeal. The OGP is complete, and all administrative remedies are fully exhausted, once the inmate has received a response to his grievance appeal. Grievances must be filed timely, or good cause shown otherwise, in order to comply with the grievance process. Dkt. No. 41-2 (IDOC Offender Grievance Process).

### IV. Evidence and Discussion

Defendants submit the majority of their evidence through the affidavit of Teresa Littlejohn, the WVCF grievance specialist. Dkt. No. 41-1. She was responsible for entering offender grievances and responses thereto into IDOC's grievance tracking system and is the custodian of grievance records at WVCF. *Id.* Ms. Littlejohn reviewed the grievance records for Mr. Schwartz while he was incarcerated at WVCF. *Id.* These records show that Mr. Schwartz submitted an

informal grievance on July 12, 2017, concerning the February 14 incident. *Id.* In this informal grievance he complained that defendant Riggs and the medical staff injected him with two doses of Narcan which has in turn caused him subsequent problems. Dkt. No. 41-3. The informal grievance was responded to on July 19, 2017, by the medical staff, saying the medical staff "did nothing wrong." *Id.* Mr. Schwartz signed section 4 of the informal grievance form on July 21, 2017, indicating his disagreement with the findings. *Id.* This lawsuit was filed on July 20, 2017, one day before Mr. Schwartz signed his disagreement with the informal grievance.

Pursuant to the OGP, Mr. Schwartz's next grievance step was to initiate a formal grievance within a certain time after the denial of the informal grievance. Dkt. No. 41-2, § X.B. Mr. Schwartz signed his formal grievance on August 10, 2017. Dkt. No. 41-3, p. 3. Ms. Littlejohn returned the formal grievance to Mr. Schwartz for being untimely, *id.* at p. 2, but it is not clear whether it was untimely from the date of the February 14 incident or the denial of the July 12 informal grievance. Mr. Schwartz did not attempt an appeal or take any further actions to explain the delays in submitting his grievances. The formal grievance attempt, dated August 10, 2017, was made three weeks *after* this lawsuit was filed.

In his response to defendants' motion, Mr. Schwartz asserts that he took his grievance as far as he could. Dkt. No. 43. He asserts that he kept trying to mail the grievance form to the Central Office but that Ms. Littlejohn kept returning it back to him. *Id.* at p. 5. As to the initial delay in filing his informal grievance, Mr. Schwartz asserts that after the February 14, 2017, incident he was placed on suicide watch for two weeks where his clothes and property had been taken away, making it impossible to start a grievance.

The parties agree that Mr. Schwartz's informal grievance was submitted July 12, 2017. That is 148 days after the February 14, 2017 incident, well more than the two week period of

4

suicide watch. Mr. Schwartz does not submit any admissible evidence to explain this delay, and the grievance records do not reflect that Mr. Schwartz sought to excuse his failure to timely file the grievances with any showing of good cause and extenuating circumstances. *See* OPG, § XIII.A (Extension of Time).

Mr. Schwartz also asserts in his response that since he filed this lawsuit (on July 20, 2017), he has been prevented from filing additional grievances pertaining to the incident. Dkt. No. 43, p 7. The PLRA requires administrative remedy exhaustion *prior* to commencing a lawsuit, not during or after the lawsuit. It is clear "that exhaustion must precede litigation." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *see* 42 U.S.C. § 1997e (a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."). Thus any interference with access to the grievance procedure that occurred after the lawsuit was filed is of no consequence to whether Mr. Schwartz exhausted his administrative remedies prior to filing this lawsuit.

Mr. Schwartz also adds that prison officials have made the grievance process unavailable to him ever since he told them at the time of the incident that he wanted to file a grievance so that he could pursue a lawsuit. This conclusory statement is not supported with facts or evidence. In his surreply, Mr. Schwartz points to attachments to his response brief. These are written requests he submitted seeking grievance forms. He asserts this is evidence that officials were denying him access to the grievance system. Dkt. No. 46, citing to Dkt. No. 43-1.These submissions, if they could be considered admissible evidence, would nevertheless be irrelevant because they are dated in October, 2017, six months after the incident and three months after this lawsuit was filed. They do not support Mr. Schwartz's contention that officials prevented his ability to file a timely grievance or exhaust his remedies concerning the February 14, 2017, incident.

Defendants have shown that the administrative remedy grievance procedure was available to Mr. Schwartz at WVCF. The evidence shows that he did not exhaust his administrative remedies because (1) his first informal grievance was filed too late, and (2) further attempts to exhaust administrative remedies occurred after the filing of his lawsuit.

"[A] court may not excuse a failure to exhaust . . . ." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (citing *Miller v. French,* 530 U.S. 327, 337 (2000)).

## V. Conclusion

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that this action should not have been brought. Defendants' motion for summary judgment, Dkt. No. 40, is **granted** and this action is now **dismissed without prejudice**. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice."). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 1/17/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Jason Schwartz,
137123
Wabash Valley Correctional Facility – Inmate Mail/Parcels
Electronic Service Participant – Court Only

6